# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# at LONDON

Civil Action No. 09-391-HRW

ELVA LOUISE CALDWELL,                                    PLAINTIFF,

v.                 **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on April 17, 2007, alleging disability beginning on January 1, 1989, due to lower back pain, anxiety, arthritis, depression, panic attacks, nerves, knee problems, right leg numbness and agoraphobia (Tr. 135, 130, 166). This

application was denied initially and on reconsideration (Tr. 74-79, 83-85). On December 18, 2008, a video hearing was conducted by Administrative Law Judge Traci Hixson (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Sally Moore, a vocational expert (hereinafter "VE"), also testified).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 12, 2009, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 40 years old at the time of the hearing decision. She has an eighth grade education. She has no past relevant work experience.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 12).

The ALJ then determined, at Step 2, that Plaintiff suffers from anxiety disorder and borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 12-13).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 13). In doing so, the ALJ specifically considered listings 12.00. 12.02 and 12.06 (Tr. 13-15).

The ALJ determined that she has the residual functional capacity ("RFC") to perform a range of work, with certain exceptions as set forth in the hearing decision (Tr. 15-16).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 17). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential

3

evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 2, 2009 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

4

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff contends tat the ALJ erred in evaluating her credibility,

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security,* 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

In this case, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent that they were inconsistent with the evidence in the record. The Court agrees.

Although she claims to suffer disabling back and shoulder pain, as well as anxiety, there is no clinical or diagnostic test results which would support this allegation. Indeed, at best, the record suggests that she suffers from moderate pain and a mild anxiety disorder.

Finally, the ALJ found that despite allegations of disabling impairments,

Plaintff engages in a wide variety of household and other daily activities. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). The record reveals that she cooks, sweeps and visits with family and friends. These activities belie an assertion of disabling impairments.

Plaintiff also asserts that the ALJ "failed to adequately consider the opinion of Dr. Patel." [Docket No. 10. Pg. 4]. However, Plaintiff provides no argument or references to evidence in the record in support of her contention. Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones. *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (internal citations omitted). *See also, United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This **24** day of September, 2010.

*[signature]*

Henry R. Wilhoit, Jr., Senior Judge